RECEIVED
IN MONROE, LA

MAR 0 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**UNITED STATES OF AMERICA**               **CRIMINAL NOS.:  02:30005-01 &**
                                                                           **05:30014-01**

**VERSUS**                                            **JUDGE ROBERT G.  JAMES**

**WARNER DOUGLAS WILLIAMS**          **MAG.  JUDGE KAREN L.  HAYES**

### RULING

Pending before the Court is Defendant Warner Douglas William's "Petition for Credit for
Time Spent in Official Custody" [Case No. 02-30005-01, Doc. No. 29 & Case No. 05-30014-01,
Doc. No. 41]. Warner contends that he has been "at all times since March 2004 incarcerated and
held in a form of official custody as he was held as pre-trial detainee, and later transferred to the
Federal Bureau of Prisons." [Doc. Nos. 29, p.1 & 41, p. 1]. Warner provides a "letter of
incarceration" showing that he was held in the Ouachita Parish Correctional Center from March
2, 2004, until April 27, 2006, when he was released to the custody of the United States Marshal.

### Facts

On February 6, 2002, Defendant Warner Douglas Williams ("Williams") was charged in
a nine-count bill of information with tax fraud. On April 2, 2002, Williams pled guilty to counts
1 and 2. On August 12, 2002, Williams was sentenced to a four-month term of imprisonment on
each count, to run concurrently. He was also sentenced to a three-year term of supervised
release, the first four months of which he was to reside at the City of Faith Corrections Center.

On March 2, 2004, the United States Probation Office filed a Petition seeking the

revocation of Williams' supervised release for committing new crimes, as well as technical
violations of his supervised release. The Court issued a summons to Williams on the basis of the
Petition.

On March 5, 2004, the Petition was amended on the basis that Williams had allegedly
committed another crime, as well those previously listed. The Court recalled its summons and
issued a warrant for Williams' arrest.

However, on March 17, 2004, the Government filed a Petition for Writ of Habeas Corpus
Ad Prosequendum because Williams was already in the custody of the State of Louisiana and
was held at Ouachita Parish Correctional Center. The Court granted the Government's Petition
on March 19, 2004.

On April 12, 2004, the Court held a hearing on Williams' alleged violations of his
supervised release, and Williams admitted his guilt. Accordingly, the Court revoked Williams'
supervised release for committing the new offenses of fraud (three counts), possession and
distribution of cocaine base, possession with intent to distribute cocaine base, and for committing
the technical offense of associating with an individual engaged in criminal activity. The Court
sentenced Williams to eighteen months imprisonment.

On March 2, 2005, Williams was charged in a one-count bill of information with fraud in
connection with access devices.

On March 10, 2005, the Government filed a Petition for Writ of Habeas Corpus Ad
Prosequendum because Williams was still in the custody of the State of Louisiana and was held
at Ouachita Parish Correctional Center. The Court granted the Government's Petition the same
day.

2

On March 18, 2005, the Government filed a second Petition for Writ of Habeas Corpus Ad Prosequendum after the date for a guilty plea hearing had been set. The Petition again indicated that Williams was still in the custody of the State of Louisiana. The Government's Petition was granted on March 24, 2005.

On April 26, 2006, Williams pled guilty to the crimes charged in the bill of information.

On August 15, 2005, Williams was sentenced to a twenty-four month sentence of imprisonment, to be run consecutively with the sentence imposed on April 12, 2004.

## Law and Analysis

A claim for time served must proceed via a petition for *habeas corpus* under 28 U.S.C. § 2241. *United States v. Mares*, 868 F.2d 151 (5th Cir. 1989) (per curiam). Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." However, a defendant held at a federal detention facility is not "in custody" for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum. *See Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus ad prosequendum does not alter prisoner's custody status, but merely changes location of custody); *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Additionally, under 18 U.S.C. § 3585(b)(2), any state time that Williams had served before his federal sentencing would not be credited towards his federal sentence because a defendant is credited only for the following:

> any time he has spent in official detention prior to the date the sentence commences-
>
> (1)    as a result of the offense for which the sentence was imposed; or

3

(2)     as a result of any other charge for which the defendant was arrested after
        the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b); *see also McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993).

Prior to April, 2006, Williams was not "in custody" because his presence in federal court

was secured through a Writ of Habeas Corpus Ad Prosequendum. Further, because Williams

received credit toward his state sentence during this period, he may not receive credit toward his

federal sentence. *See Arzate-Cornejo v. Miles,* No. 00-50569, 244 F.3d 137, 2000 WL 1901629

at *1 (5th Cir. Dec. 13, 2000) Accordingly, Williams is not entitled to the credit requested.

## Conclusion

For the foregoing reasons, Defendant's "Petition for Credit for Time Spent in Official

Custody" [Case No. 02-30005-01, Doc. No. 29 & Case No. 05-30014-01, Doc. No. 41].

is DENIED.

MONROE, LOUISIANA, this 8 day of March , 2007.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4