IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 05-30014** |
| **VERSUS** | * | **JUDGE JAMES** |
| **WARNER D. WILLIAMS** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant Warner D. Williams ("Williams") (Doc. # 44).  For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

On April 26, 2005, Williams pled guilty to one count of violating 18 U.S.C. § 1029. (Document No. 14).  On August 15, 2005, Williams was sentenced 24 months imprisonment, with such term to run consecutively with the federal revocation sentence imposed on May 5, 2004, to be followed by three years of supervised release (Document No. 21).  On November 16, 2006, the Fifth Circuit Court of Appeals granted Williams' attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), denied Williams' motion for release pending appeal, and dismissed Williams' appeal on the grounds that there were no non-frivolous issues raised (Document No. 40).  On May 31, 2007, Williams filed the instant motion.

## LAW AND ANALYSIS

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are essentially four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence

exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).  The scope of relief under § 2255 is consistent with that of the writ of habeas corpus.  *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981).  Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*).  Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).  Of course, issues raised and

disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. Without a "colorable showing of factual innocence," the defendant fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

Williams' sole basis for his claim that he is entitled to relief is his argument that the District Judge was not authorized to sentence him to a term of supervised release to be completed following his imprisonment. He claims that the sentence of supervised release was illegal for the following reasons: (1) it violated the Separation of Powers Doctrine in that supervised release is a creation of the probation office; (2) it violated the Double Jeopardy Clause in that the term of supervised release was imposed under the Sentencing Guidelines and not the statute under which Williams was convicted; (3) under the Sentencing Guidelines, a term of supervised release is meant to be included as part of the term of imprisonment; (4) a term of supervised release is an impermissible sentence enhancement under *Booker*, *Apprendi*, and *Jones*.

A review of the record indicates that Williams raised the claim that his term of supervised release was illegal in his response to his attorney's *Anders* brief and in his appellate brief filed in connection therewith, although not on the identical grounds as those presented in the instant

3

motion. On appeal, Williams argued that he was subjected to Double Jeopardy because being held in contempt of court for violating a condition of supervised release bars the prosecution of an accused under substantive law. The Fifth Circuit found that there were no non-frivolous issues and dismissed the appeal (Document No. 40). Thus, because issues raised and disposed of on direct appeal are not subject to further review under section 2255, it is recommended that Williams' motion as it pertains to his claim that his term of supervised release subjected him to Double Jeopardy be DENIED. *See Segler*, 37 F.3d at 1134. Furthermore, because Williams clearly could have raised the other arguments he makes on the issue on direct appeal, he is procedurally barred from raising additional arguments on the issue at this point.

In addition, even if the arguments could properly be raised in a section 2255 motion, a review of the record and the applicable law indicates that Williams' claims are wholly frivolous. With regard to supervised release, 18 U.S.C. § 3583(a) states in pertinent part:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment. . . .

18. U.S.C. § 3583(a). Under 18 U.S.C. §3583(b), a term of supervised release for a Class A or B felony may not exceed five years, for a class C or D felony, it may not exceed 3 years, and for a class E felony or a misdemeanor, it may not exceed one year. The record shows that the maximum penalty for the offense to which the defendant pled guilty was ten years, making it a Class C felony. Therefore, a 3 year term of supervised release was clearly authorized by statute.

Furthermore, a review of the plea agreement shows that the defendant was specifically informed of the possibility of a sentence to a term of supervised release for up to three years at the time of his guilty plea. Thus, the District Judge was clearly authorized by statute to sentence Williams to a three year term of supervised release to be completed following his term of

imprisonment, and Williams was well aware of this fact prior to entering his guilty plea. Accordingly, it is recommended that Williams' motion be DENIED on its merits as well.

## CONCLUSION

For the reasons stated above, it is recommended that defendant's Motion to Vacate be **DENIED and DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE