UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 05-30014-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARNER D. WILLIAMS | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a "Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2), using 1B1.10(c) Amendment 12. Pertaining to Certain Criminal History Rules" [Doc. No. 69] filed by Defendant in the above-referenced matter.

Section § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

First, although there have been recent reductions to the base offense levels for crack cocaine, Section 2D1.1 of the United States Sentencing Guidelines, this is not a crack cocaine case. Defendant pled guilty to fraud and related activities in connection with access devices in violation of 18 U.S.C. § 1029(a)(2). See [Doc. Nos. 12, 13, 14, 17 & 22]. The Clerk's Office erroneously docketed an Administrative Order applying solely to crack cocaine cases. Therefore,

IT IS ORDERED that Administrative Order [Doc. No. 70] is STRICKEN from the record.

Instead, Defendant filed a motion to reduce sentence based on Guideline Amendment Twelve.  In support of the motion, Defendant asserts that, under U.S.S.G. § 1B1.10, he should receive retroactive application of an amendment to U.S.S.G. § 4A1.2(c) that became effective in November of 2007. Although defendant references Amendment 12 in the title of his motion, the amendment upon which he relies is Amendment 709. See U.S.S.G. § 4A1.2(c) (2007), historical note; see also U.S.S.G. App. C, Amendment 709 (2007).

Section 1B1.10 provides, in pertinent part: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711." U.S.S.G. § 1B1.10(c) (Supp. 2008).  Amendment 709, the amendment under which the proposed Amendment 12 became effective, is not listed in section 1B1.10(c ) and, therefore, may not be applied retroactively on a § 3582(c)(2) motion.  United States v. Armstrong, 347 F.3d 905, 909 (5th Cir.2003) ("We agree with several of our sister circuits that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied solely where expressly listed under § 1B1.10(c). ").  Thus, to the extent that Defendant contends that he is entitled to a reduction under 18 U.S.C. § 3582(c)(2),

IT IS ORDERED that his motion to reduce under 18 U.S.C. §3582(c)(2) is DENIED and DISMISSED WITH PREJUDICE.

Further, to the extent that Defendant contends that his sentence should otherwise be vacated, set aside, or reduced, his motion arises under 28 U.S.C. § 2255.  Defendant has already filed a § 2255 motion in this Court, which was denied.  If Defendant wishes to file a second or successive § 2255 motion, he must obtain permission of the United States Court of Appeal for

the Fifth Circuit. Accordingly,

IT IS FURTHER ORDERED that his motion to vacate, set aside or reduce under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE to allow Defendant to obtain leave from the appellate court.

MONROE, LOUISIANA, this 29th day of May, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE