# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | DOCKET NO. 05-30014-01 |
| VERSUS | * | JUDGE JAMES |
| WARNER D. WILLIAMS | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate an allegedly void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) [Doc. # 73] filed by petitioner, Warner D. Williams ("Williams"). For reasons stated below, it is recommended that the motion be **DENIED.**

## BACKGROUND

On April 27, 2005, Williams pleaded guilty to one count of fraud and related activity in connection with access devices in violation of 18 U.S.C. §1209(a)(2) and, on August 15, 2005, he was sentenced to twenty-four months imprisonment, with such term to run consecutively with the federal revocation sentence imposed on May 5, 2004, to be followed by three years of supervised release (Doc. #21). On October 25, 2006, the Fifth Circuit Court of Appeals granted Williams' attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967),[1] denied Williams' motion for release pending appeal, and dismissed Williams' appeal on the grounds that there were no non-frivolous issues (Doc. #40).

On May 31, 2007, Williams filed a motion pursuant to 28 U.S.C. § 2241 on the ground that the District Judge was not authorized to sentence him to a term of supervised release for

---

[1] Williams' attorney argued in the *Anders* brief that (1) Williams' guilty plea colloquy, although imperfect, substantially complied with Federal Rule of Civil Procedure 11(b); and (2) the District Judge correctly calculated Williams's sentence in accordance with the Sentencing Guidelines. *USA v. Warner Williams*, No. 05-03945 (May 4, 2006).

various reasons.[2] This motion was converted to a § 2255 motion and transferred to this Court. On June 25, 2007, the undersigned recommended that Warner's motion be denied (Doc. #45).[3] Following this recommendation, Williams filed a motion requesting that he be allowed to withdraw his "re-classified" § 2241 motion so that he could file a § 2255 motion (Doc. # 47);[4] the motion was denied (Doc. # 48). Subsequently, on July 31, 2007, Williams' § 2255 motion was denied (Doc. # 50).

After this Court denied Williams a certificate of appealability with regard the denial of his § 2255 motion, Williams filed a motion for a certificate with the Fifth Circuit on the grounds that this Court erred in (1) denying his motion to withdraw his § 2241 petition so he could file a § 2255 motion; (2) his sentence of supervised release was defective in various respects; (3) his continued imprisonment violated the Interstate Agreement on Detainers Act; and (4) he received ineffective assistance of counsel. On June 19, 2008, the Fifth Circuit denied Williams' motion;[5] however, notably, the court found that because Williams was not notified that the re-characterization of his § 2241 petition would subject him to the successive motion requirements

---

[2] This motion was filed in the Lake Charles Division of the United States District Court for the Western District of Louisiana.

[3] The undersigned found that all of Williams' arguments had either been raised and disposed of on direct appeal, or were procedurally barred for failure to raise them on appeal, and were wholly frivolous (Doc. #45).

[4] Williams stated that he wanted to withdraw his motion and re-file it as a § 2255 motion so that he would not be procedurally barred from adding additional grounds upon which to seek relief and because the one-year statute of limitations period for filing a § 2255 motion had not yet lapsed.

[5] The court found that (1) Williams had failed to brief whether the district court erred by concluding that his supervised release challenges were procedurally barred and whether he received ineffective assistance of counsel; (2) Williams' argument concerning the Interstate Agreement on Detainers Act was raised for the first time on appeal and therefore the court was without jurisdiction to consider it; and (3) Williams had failed to make a substantial showing of the denial of a constitutional right as to his contention that the district court erred by now allowing him to withdraw his § 2241 petition so he could file a § 2255 motion (Doc. #72).

of § 2255 and § 2244(b), his re-characterized motion could not be considered a § 2255 motion for the purposes of determining whether any subsequent § 2255 motion was successive (Doc. #72). Williams filed the instant motion on October 24, 2008, asserting that his conviction is void based on violations of the Interstate Agreement on Detainers Act.

## LAW AND ANALYSIS

Initially, the undersigned notes that although Williams' motion is based on Rule 60(b)(4), he may not challenge his conviction or sentence under such rule.[6] As the Fifth Circuit has stated, "Rule 60(b) provides relief from judgment in civil cases, not in criminal cases." *United States v. Alexander*, 242 Fed.Appx. 202, *1 (5th Cir. Sept. 7, 2007); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). However, "[c]ourts may treat motions that federal prisoners bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions." *United States v. Lampton*, 2007 WL 4410053, *1 (E.D.La. Dec. 7, 2007); *United States v. Rich,* 141 F.3d 550, 551-52 (5th Cir. 1998). Therefore, the undersigned will construe Williams' Rule 60(b)(4) as a § 2255 motion.[7]

---

[6] Rule 60(b)(4) states as follows in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> **(4)** the judgment is void;

Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has held that "[a] district court has no discretion to deny a Rule 60(b)(4) motion if the challenged judgment was void, and there is no time limit on such a motion." *United States v. Hall*, 183 Fed.Appx. 472 (5th Cir. June 8, 2006).

[7] Although Rule 60(b) may not be used to challenge a criminal conviction, it may be used to challenge civil judgments entered in post-conviction § 2255 proceedings. *Mayes v. Quarterman*, 2007 WL 1465994, *1 n.1 (S.D.Tex. May 16, 2007). However, there is no indication from Williams' motion that he is challenging a § 2255 proceeding; rather, he is challenging his criminal

3

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d

---

conviction.

228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

The undersigned notes at the outset that there is an issue as to whether Williams' § 2255 motion is timely. In pertinent part, § 2255 states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In the case *sub judice*, the Fifth Circuit denied Williams' appeal on October 25, 2006 (Doc. # 40). Williams subsequently filed an untimely petition for rehearing in the Fifth Circuit on November 17, 2006. *USA v. Warner Williams*, No. 05-30945 (5th Cir. Nov. 17, 2006). The Fifth Circuit allowed the untimely petition and denied it on December 7, 2006. *USA v. Warner Williams*, No. 05-30945 (5th Cir. Dec. , 2006). Williams did not file a petition for a writ of certiorari in the Supreme Court; therefore, his judgment became final ninety days after his petition for rehearing was denied. *See Warmus v. United States*, 253 Fed.Appx. 2, *4-5 (11th Cir. Oct. 19, 2007) (citation omitted) ("Because the Supreme Court requires a petition for a writ of certiorari to be filed within 90 days of the appellate court judgment, we have held that if a movant does not timely file his petition, his conviction becomes final 90 days after the appellate court enters judgment on the appeal; or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.'"); U.S.Sup.Ct. Rule 13(3) (stating that in the event the lower court entertains an untimely petition for rehearing, the time to file a petition for writ of certiorari begins to run from the time the date of the denial of rehearing); *United States v. Wall*, 456 F.3d 316, 319-20 (3d. Cir. 2006); *United States v. Proctor*, 2006 WL 3341035, *2 (S.D.Tex. Nov. 15, 2006). Williams' § 2255 motion was filed on October 24, 2008, well more than a year after his conviction became final.

However, although none of the remaining options for when the one-year statute of limitations begins to run technically apply in this case, Williams did file a motion to withdraw his re-classified § 2241 motion so that he could file a § 2255 motion raising all of his grounds for relief within the one-year statute of limitations period, and this Court denied the motion. Therefore, given these unique circumstances, and because Williams' motion is subject to denial

on other grounds, the undersigned will assume, *for the purposes of this report and recommendation only*, that Williams' § 2255 motion is timely and thus will address the merits of the motion.

Williams' sole basis for his claim that he is entitled to relief is that the Interstate Agreement on Detainers Act ("the Agreement"), 18 U.S.C. App. § 2, was violated during the time his federal charges were pending and, therefore, his conviction is void. The Agreement "prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 343 (1978). "In either case, however, the provisions of the Agreement are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner." *Id.* "[T]he United States is a party to the Agreement as both a sending and a receiving State." *Id.* at 354.

Williams argues that two provisions of the Agreement were violated with regard to his federal charges. Article IV(c) of the Agreement mandates that once a prisoner against whom a detainer has been lodged has been secured by the state that lodged the detainer, "trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State." 18 U.S.C. App. § 2, Art. IV(c). Article IV(e) states that if trial is not held on the indictment, information, or complaint pending in the receiving state prior to the prisoner being returned to the sending state, the indictment, information, or complaint shall be dismissed with prejudice. 18 U.S.C. App. § 2, Art. IV(e). The Supreme Court has held that "the United States is bound by the Agreement when it activates its provisions by filing a detainer against a state prisoner and then obtains his custody by means of a writ of habeas corpus ad prosequendum."

*Mauro*, 436 U.S. at 349.

In this case, Williams was incarcerated at Ouachita Correctional Center in Monroe, Louisiana, at the time the federal bill of information was filed. Subject to a federal detainer, Williams was removed from state custody on two separate occasions – for his arraignment and guilty plea and for his sentencing (Doc. #'s 10, 19). Williams argues that the Agreement was violated because he was returned to state custody prior to the federal charges against him being disposed of and because such charges were not disposed of within 120 days from the time he was removed from state custody.

Williams' argument fails for two reasons. First, a review of the record indicates that Williams raised the claim that the Agreement was violated when he was returned to state custody prior to his federal charge being disposed of in response to his attorney's *Anders* brief and in his appellate brief filed in connection therewith. The Fifth Circuit found that there were no non-frivolous issues and dismissed the appeal (Doc. #40).[8] Therefore, because issues raised and disposed of on direct appeal are not subject to further review under § 2255, it is recommended that Williams' motion as it pertains to this claim be DENIED. Furthermore, because Williams clearly could have raised his claims regarding the Agreement's 120-day period on direct appeal, he is procedurally barred from raising the argument at this point, and it is recommended that his motion on this ground be DENIED.

In addition, even if Williams' arguments regarding the Agreement could properly be raised in a § 2255 motion, they are clearly without merit. Louisiana is not a party to the Agreement; therefore, the Agreement's procedures do not apply to the United States in its dealings with Louisiana. *See Fleming v. Shivers*, 2008 WL 4308128, *1 (July 14, 2008) (noting

---

[8] Williams also raised the issue in his petition for rehearing in the Fifth Circuit, which was denied. *USA v. Williams*, No. 05-30945 (5th Cir. Dec. 7, 2006).

that Louisiana has not adopted the Agreement); *Robinson v. United States*, 580 F.2d 783, 784 ("The language of Article IV of the Agreement indicates that the terms of the Agreement are only operative in transactions between party states.")[9]; *Dickerson v. State of Louisiana*, 816 F.2d 220, 222, n.1 (5th Cir. 1987) (noting that Louisiana is not a member of the Agreement and stating that the Agreement "prescribes procedures by which a *member state* may obtain for trial a prisoner incarcerated in *another member jurisdiction* and by which a prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction) (emphasis added). Accordingly, it is recommended that Williams' motion be DENIED on its merits as well.

## CONCLUSION

For the reasons stated above, it is recommended that the petitioner's motion be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[9] In *Robinson*, the petitioner argued that his attorney rendered ineffective assistance of counsel when he failed to argue in the trial court that the Agreement was violated when he was removed from state custody in Mississippi on three separate occasions for arraignment and two federal trials while under a detainer. 580 F.2d at 784. Because Mississippi is not a party to the Agreement, the Fifth Circuit found that the United States was not bound by the Agreement in its dealings with Mississippi and, therefore, that the petitioner's attorney was not ineffective for failing to raise a meritless claim. *Id.* at 784-85.

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of December, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE